UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------------)
LMNOPI and TA' KAIYA BLANEY,                  )
                                              )
                          Plaintiffs,         ) Civ. Action No.  _____
                                              )
              against                         )  Jury Trial Requested
                                              )
                                              )
XYZ FILMS, LLC, NETFLIX, INC.,                )
AMAZON.COM, INC., APPLE, INC. and             )
GOOGLE, LLC                                   )
                                              )
                          Defendants.         )
-----------------------------------------------------------------------)
```

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## FALSE ENDORSEMENT AND MISAPPROPRIATION

Plaintiffs, LMNOPI and Ta'Kaiya Blaney, by their attorneys, Katherine Daniels

LLC and the Law Office of Stacey Richman, for their complaint against XYZ Films,

Netflix, Inc., Amazon.com, Inc., Apple, Inc. and Google, LLC ("Defendants"), alleges as

follows:

### JURISDICTION AND VENUE

1.   This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq., false

endorsement under the Lanham Act, 15 U.S.C. § 1125(a), N.Y. Bus. Law § 350 and New

York common law and misappropriation of the right of publicity under N.Y. Civ. R. Law

§§ 50-51 and Canadian law.

2.   This Court has jurisdiction under 17 U.S.C. §101 et seq., 28 U.S.C. § 1331,

and 28 U.S.C. § 1338(a).

3.   This Court has personal jurisdiction over the Defendants and venue in this

District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the Defendants conduct business in this District and the acts of infringement complained of herein occurred in this District.

## PARTIES

4.   Plaintiff LMNOPI is an individual residing in Brooklyn, New York.  LMNOPI is the pseudonym Plaintiff uses in her capacity as an activist and street artist to protect her privacy and safety.

5.    Plaintiff Ta'Kaiya Blaney is an emancipated minor residing in British Columbia, Canada.

6.   Defendant XYZ Films, LLC is a limited liability company organized under the laws of the State of California with a principal place of business at 3103 S. La Cienega Bvd., Los Angeles, California 90016.

7.   Defendant Netflix, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 100 Winchester Circle, Los Gatos, CA 95032 and offices at 245 W. 17th Street, New York, New York.

8.   Defendant Amazon.com, Inc. is a corporation organized under the law of the State of Delaware with a principal place of business at 410 Terry Avenue North, Seattle, Washington. 98109-5210.

9.   Defendant Apple, Inc., is a corporation organized under the laws of the State of California with a principal place of business at 1 Apple Park Way, Cupertino, California 95014.

10. Defendant Google LLC is a limited liability company organized under the laws of

the State of Delaware with a principle place of business at 1600 Amphitheatre Parkway, Mountain View, California.   On information and belief, Google LLC is the parent company of YouTube.

## FACTUAL BACKGROUND

11.     Plaintiff LMNOPI is a nationally known artist and activist whose career spans the last decade. Her art is recognized for making a significant contribution to social justice and is held in collections of prestigious museums and universities throughout the world. Numerous publications, both in print and online, have published interviews with LMNOPI discussing the political nature of her artwork and her commitment to amplifying messages of environmental justice and human rights with her public works. In addition, she is well known for, among other things, her murals both nationally and in Bushwick, Brooklyn, including a mural of award winning singer and environmental activist Ta'Kaiya Blaney, which is located at the corner of Wyckoff and Starr Streets next to the entrance to the Jefferson Street subway station (the "Work").

12.  Plaintiff Ta'Kaiya Blaney is an internationally known activist, Indigenous Youth Ambassador, actress and singer/songwriter. She is from the Tla'Amin First Nation and grew up along the shores of the Salish Sea in British Columbia, Canada.  As a singer-songwriter, Ta'Kaiya has performed all over the world.  Her music has also been featured on television and in films.  Her music video entitled Earth Revolution won Best Video 2017 at the American Indian Film Festival.  As an actor, Ta'Kaiya has played a variety of roles both on camera and as a voice actor.  In 2018, she received her second nomination for a LEO Award, this time for Best Female Lead for the feature film to be released this year "Kayak to Klemtu."  She has also spoken at United Nations conferences, TED

Talks, environmental events and classrooms across Canada, the United States and other parts of the world.  Numerous television networks, websites and print publications have published pieces on Ta'Kaiya's work.

13.  In or around January 2018, Plaintiffs first learned that that the Work had been used, without authorization from the Plaintiffs in the film *Bushwick*, produced by Defendants XYZ Productions and RLJ Entertainment, Inc. in collaboration with Mensch Productions, Bullet Pictures and an entity called "Ingenious" and distributed by Netflix, Amazon Prime, Apple TV, YouTube (the "Movie").  The Work appears in the opening scene of the Movie.  It is presented in a full-screen shot, in perfect focus and unobstructed to the viewer for several seconds.

14.  The Work appears to have been intentionally selected for the opening sequence of the Movie because it is one of the oldest, most well-recognized graffiti murals in Bushwick and visually locates the viewer at the Jefferson Street subway station in Bushwick.  It is illustrative of the rich graffiti culture in Bushwick also contains the word "revolution", which is thematically relevant to the Movie – but for very different reasons than intended by the artist and her subject.

15.  The Movie, an action thriller, premiered at the Sundance Festival in January 2017.  It was released to theaters in August of 2017 and later to streaming services including Netflix, Apple TV, Amazon Prime and YouTube.  Don Steinberg of The New Yorker Magazine described the plot as "a fanciful nightmare, in a 'Red Dawn' kind of way: an army of militiamen from Southern states hoping to secede from the Union, invades the transitional Brooklyn neighborhood, bringing black helicopters and automatic weapons.  It's a Fort Sumter moment for a second American civil war."

16.     The plot is antithetical to the message of peace that forms the basis of both Plaintiffs' work and neither would have agreed to be associated with the Movie if permission had been sought.

17.   In one of the opening scenes of the Movie, the leading female character, played by Brittany Snow, scrambles past a burning ice-cream truck.  The directors told Steinberg that they "looked into" getting the rights to the Mister Softee music, indicating that they were well aware that they could not use other people's intellectual property – even briefly – without permission.

18.   The Defendants also excluded from the Movie murals known to be part of the Bushwick Collective, which has transformed the neighborhood into a street art enthusiast's destination and tourist attraction by bringing internationally known artists in to paint murals on approximately 75% of the available walls in that neighborhood. In fact, one of the best-known features of Bushwick are these murals, therefore avoiding including even a glimpse of any of these artworks in shots took considerable effort as they are pervasive in the neighborhood.

19.   On information and belief, the Defendants wanted to include the street art that makes Bushwick famous in the Movie, but they did not want to pay for it. They took a calculated risk that Plaintiffs would not have the resources to challenge the unauthorized use of the Work because Plaintiff LMNOPI is not a member of the Bushwick Collective and the mural in question was privately commissioned by the building owner. This is public knowledge easily discoverable because every Bushwick collective mural is clearly branded as such and the mural in question does not bear that same brand instead bears the signature of both Plaintiffs.

20. Soon after learning of the infringement, Plaintiffs, through counsel, reached out to XYZ Films and its production and distribution partners known to it at that time, including Bullet Pictures, Mensch Productions LLC, RLJ Entertainment, Netflix, Inc., Amazon.com, Inc., and Apple, Inc.. To date, neither XYZ Films nor any of its distribution partners have taken action to address the infringement or mitigate damages. Efforts to settle the matter have failed. The infringing Movie continues to be made available worldwide through Netflix, Amazon Prime, Apple TV, YouTube and other Internet streaming services.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

21. Plaintiff LMNOPI incorporates herein by this reference each and every allegation contained in each paragraph above.

22. Plaintiff LMNOPI is and at all relevant times has been the owner of the exclusive rights under United States Copyright Act of the copyrighted Work identified in Exhibit 1, which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights on March 16, 2017.

23. Among the exclusive rights granted to Plaintiff LMNOPI under the Copyright Act is the exclusive right to reproduce and license others to reproduce all or portions of the Works and use those reproductions in commercial films.

24. Defendant XYZ Films, without the permission or consent of Plaintiff LMNOPI, made or caused to be made reproductions of the Work and used them in the Movie. Screen shots of examples the infringing uses are attached hereto as Exhibit 2. The infringing Movie premiered at the Sundance Festival in early 2017 and has been

distributed worldwide to hundreds of millions of viewers through Netflix, Apple TV and Amazon Prime ever since.  It has also received thousands of views on YouTube and other Internet websites.  Defendants' actions constitute infringement of Plaintiff's exclusive rights under the Copyright Act.

25.  Plaintiff LMNOPI is informed and believes that the foregoing acts of infringement have been willful and intentional, with disregard and indifference to the rights of Plaintiff LMNOPI.  She rejects the Defendants' contention that the use was *de minimis* or fair.

26.  The "observability factors" of focus, lighting, camera angles and prominence all disfavor a finding of *de minimis* infringement.

27.  The use is commercial in nature and is not transformative.  No new insights or understandings of the Work are offered in the Movie and the Movie does not fall within the fair use categories identified in 17 U.S.C. § 107.

28. The Work is expressive and creative and all of it was used.

29. The effect of the unauthorized use of the Work was to usurp the Plaintiff's exclusive right to license her Work for use in commercial films, which has a substantial impact on the market for the Work.

30. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and her attorneys' fees and costs pursuant to 17 U.S.C. § 505.

31.  Defendants' conduct is causing and unless enjoined by this Court will continue to cause Plaintiff LMNOPI irreparable injury that cannot be fully compensated or measured in money.  Plaintiff LMNOPI has no adequate remedy at law and is entitled

to injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendant from further infringing Plaintiffs' copyrights and ordering Defendant to destroy all copies of advertising materials made in violation of Plaintiff's exclusive copyrights.

## COUNT II

## FALSE ENDORSEMENT

32.  Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

33.  By using LMNOPI's Work, which incorporates her "tag", which functions as a trademark, and Plaintiff Blaney's name and image, Defendants, individually and/or jointly, have created a false endorsement of the Movie by implying, falsely, that Plaintiffs authorized the use of the Work in the Movie, when they did not.  In fact, they find the subject matter of the Movie abhorrent and antithetical to their advocacy for peace.

34.  Defendants' conduct is misleading in a material respect and constitutes false association, trademark infringement and unfair competition as defined in the Lanham Act and false advertising under N.Y. Bus. Law § 350 and unlawful deceptive business practices under New York State common law.

35.  Plaintiffs are informed and believes that the foregoing acts have been willful and intentional, with disregard and indifference to the rights of Plaintiffs.

36.  Defendants' conduct has caused Plaintiffs to suffer loss in an amount equal to the full extent of recoverable damages permitted under the Lanham Act, N.Y. Bus. Law 350 and New York State common law, including, without limitation, treble damages, attorneys' fees, costs and interest.

## COUNT III

## MISAPPROPRIATION OF BLANEY'S RIGHT OF PUBLICITY

37.  Plaintiff Blaney incorporates herein by this reference each and every allegation contained in each paragraph above.

38.  Defendants used Blaney's name and portrait in the Movie without her consent.

39.  The unauthorized use of Blaney's name and portrait was for the purpose of trade.

40.  Sections 50 and 51 of the New York Civil Rights Law prohibit the use of a person's name, portrait, picture or voice for the purpose of advertising or trade without the written consent of the subject.

41.  The Privacy Act of British Columbia also prohibits the unauthorized use of a person's name or portrait for the purpose of trade where the defendant intended to exploit the Plaintiffs' name or reputation.

42.  The right of a person to control the use of her name and image is also protected by Canadian common law.

43.  Defendants knowingly, willfully and intentionally used Blaney's name and portrait in a way that is unlawful under the laws of New York and Canada.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.  For an injunction providing:  "Defendants are hereby enjoined from directly or indirectly infringing Plaintiff LMNOPI's rights under federal or state law in the Work and other artwork by LMNOPI, whether now in existence or later created, that is owned

or controlled by Plaintiff LMNOPI (collectively "Plaintiff's Artwork") except pursuant to a lawful license or with the express permission and authority of Plaintiff LMNOPI. Defendants shall also destroy all copies, in any and all media in which they exist, of Plaintiff's Artwork in Defendant's possession, custody or control, including, without limitation, all existing copies of the Movie and make all reasonable efforts to remove it from the Internet.

2.   For an injunction providing:  "Defendants are hereby enjoined from directly or indirectly using Plaintiff Blaney's name and portrait except pursuant to a lawful license or with the express permission and authority of Plaintiff Blaney.  Defendants shall also destroy all copies, in any and all media in which they exist, of materials containing Blaney's name and image in Defendants' possession, custody or control, including, without limitation, all existing copies of the Movie and make all reasonable efforts to remove it from the Internet.

2.   For damages for each infringement of each of Plaintiff's Artwork pursuant to 17 U.S.C. § 504.

3.   For damages for false endorsement and false advertising under the Lanham Act, N.Y. Bus. Law 350 and New York common law.

4.   For damages for misappropriation of Blaney's name and image under New York Civil Rights Law 50-51 and/or Canadian law.

3.   For Plaintiffs' costs in this action.

4.   For Plaintiffs' reasonable attorneys' fees.

5.  For such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                October 8, 2018

                                        KATHERINE DANIELS LLC

                                        /Katherine J. Daniels/
                                        _____
                                        Katherine J. Daniels, Esq.
                                        60 June Road, Suite 202
                                        North Salem, New York 10560
                                        914-485-1505
                                        914-886-8198
                                        kdaniels@katherinedanielsllc.com


                                        LAW OFFICE OF STACEY RICHMAN
                                        Stacey Richman, Esq.
                                        2027 Williamsbridge Road
                                        Bronx, New York 10461
                                        718-892-8588